FINANCE CO. OF AMERICA v. JOSEPHSON.

(Supreme Court, Appellate Term.   June 13, 1904.)

1. ASSIGNMENT—EVIDENCE—ADMISSIONS OF ASSIGNOR.
   Admissions of the assignor made after the assignment are not competent to prove that goods came into defendant's hands as assignee.

2. SAME—BURDEN OF PROOF.
   Plaintiff's evidence that certain goods were returned to the assignor does not put the burden on defendant of proving that they did not come to him as assignee; there being no presumption that they had been retained by the assignor till the assignment, and then passed to the assignee.

Appeal from City Court of New York, Trial Term.

Action by the Finance Company of America against Isaac Josephson, as assignee.   From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed on condition.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Bloomberg & Bloomberg, for appellant.

Hays & Hershfield, for respondent.

SCOTT, J.   It was necessary for the plaintiff, in order to entitle itself to a judgment, to show that the identical goods, for the value of which it sued, came into the possession of the defendant as assignee.   Its sole reliance to establish this fact were the admissions of Hirschberg, the president of the assignor company.   Some of those admissions appear to have been made before the assignment, and some after.   The former were probably admissible, as against the as-

signee, but not the latter. Von Sachs v. Kretz, 72 N. Y. 548. So
much of these admissions as were admissible were, at best, rather
vague-and general, and fell far short of admitting that all the goods
sued for had been returned, and were included among those trans-
ferred to the assignee. As against this is the positive testimony of
Hirschberg that some of the returned goods were at once resold, and,
if so, they could not have been into the hands of the assignee. The
amount and value of the goods thus resold he puts at $325. The
charge of the court as to the shifting of the burden of proof was
calculated to mislead the jury. It was to the effect that, when the
plaintiff had showed that certain goods had been returned to the as-
signor, the burden shifted to defendant to show that he did not re-
ceive them. The mere showing that certain goods had been returned
to the assignor prior to the assignment raised no presumption that
these same goods had been retained by the assignor until the as-
signment, and then passed to the assignee.

Upon the whole case, the judgment should be reversed, and a new
trial granted, with costs to abide the event, unless the plaintiff will
stipulate that the judgment be reduced to $503.82, in which case the
judgment as so reduced should be affirmed, without costs. All con-
cur.